ZAVALETA, PLAINTIFF AND APPELLEE, v. CIVIDANES, DEFENDANT
AND APPELLANT.

Appeal from the District Court of Guayama in an Action
of Debt.

No. 2959.—Decided November 16, 1923.

ACTION OF DEBT—PROFESSIONAL SERVICES—PLEADING.—A complaint in an action
to recover for professional services can not be considered insufficient on the
ground of failure to allege the manner in which the services were contracted
for if it is alleged that the services were rendered at the request of the
defendant and the reasonable value of such services is stated; nor is the
omission to allege when the cause of action arose in favor of the plaintiff
fatal when the complaint is accompanied by a statement specifying the
respective dates on which the services were rendered.

ID.—ID.—ID.—CAUSES OF ACTION.—The different items of an account for pro-
fessional services do not constitute distinct causes of action, and it is not
necessary to set them up separately in the complaint.

ID.—ID.—ID.—APPEAL.—The plea that the professional services were rendered
negligently by the plaintiff can not be set up for the first time in the Supreme
Court.

The facts are stated in the opinion.

Messrs. C. Domínguez Rubio and L. Muñoz Morales for
the appellant.

Messrs. J. J. Aponte and R. Rivera Zayas for the ap-
pellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the
court.

This is an action to recover remuneration for professional
services.

The plaintiff, Miguel Zavaleta, alleges that he is an at-
torney admitted to practice before the insular courts and
that as such attorney and from March of 1915 to August of
1919, at the request of the defendant, he rendered profes-
sional services to him in six civil cases, the said services
being reasonably worth the sum of $3,482.90, according to
the itemized statement attached to the complaint.

After demurring on the ground that the complaint failed
to state a cause of action and moving that the plaintiff

enumerate separately the services rendered in each case as different causes of action, the defendant answered the complaint, giving a detailed statement of the services rendered by the plaintiff in each case, but denying that they were meritorious and that they were such services as were enumerated by the plaintiff in his statement and also that they or the services rendered were worth the sum at which the plaintiff estimated them.

The trial court rendered judgment allowing the plaintiff the sum of $3,335 and from that judgment the present appeal was taken, the appellant assigning the following errors:

"I. The court erred in overruling the general demurrer of failure to state a cause of action.

"II. The court erred in overruling the motion for the separation of the causes of action set up in the complaint.

"III. The court committed manifest error in finding that the services rendered by the plaintiff were worth $3,335."

In discussing the first assignment the appellant contends that the complaint did not state facts sufficient to constitute a cause of action because it did not allege the manner in which the plaintiff's professional services were contracted for. In the complaint it was alleged that the plaintiff's services were rendered at the request of the defendant and the reasonable value of the services was stated. From these allegations it may be seen clearly that there was no agreement as to the fixed amount of the plaintiff's fees and this was the reason why it was necessary to state in the complaint the reasonable or fair value of the services rendered, as the plaintiff did. The complaint, which is based on section 1486 of the Civil Code, contains, therefore, all of the elements prescribed by the said statute and is sufficient.

In the cases of *Freyre* v. *Succession of Sevillano*, 28 P. R. R. 367, and *Barceló* v. *Díaz*, 29 P. R. R. 157, involving similar claims for services, the complaints were drafted

similarly to that of the present case and this court held them to be sufficient. In the first of those cases the court said:

"Although the complaint is not a model pleading, nevertheless it contains sufficient to inform the defendants that the claim against them is for professional services rendered to their ancestor in several actions without an agreement as to the amount; therefore, in accordance with section 1486 of the Civil Code, the plaintiff may recover the reasonable value of such services."

In the second case this court said:

"The demurrer, therefore, was properly overruled, whether the complaint be regarded as standing alone and without reference to the bill of particulars, or whether it be considered as including and construed in connection with the items contained in such bill."

"In a suit on account for services rendered, where there is more or less uncertainty as to the grounds of recovery, there may be properly joined in the petition a count upon express contract and a count upon quantum meruit." 2 R. C. L. 1057.

Another objection made to the complaint is that it is defective because it does not allege when the cause of action arose in favor of the plaintiff so that the defendant may know whether the action is barred by limitation. Attached to the complaint and made a part of it was an itemized statement of the said services, giving the dates on which they were begun and finished. It is thus easy to ascertain precisely when the cause of action originated.

The second assignment refers to the refusal of the court below to order the plaintiff to state separately his causes of action. The case of *Barceló* v. *Díaz, supra,* settled this question, for in it a similar question was decided to the effect that the items contained in a bill of particulars are not separate causes of action; therefore, there is no necessity to set up such items separately in the complaint.

In the other assignments the appellant attacks the weighing of the evidence by the trial court. After examining the evidence for both parties and weighing the testimony.

of experts as to the reasonable value of the services rendered by the plaintiff, the trial court, in its discretion and with knowledge in regard to the importance and value of the services, fixed their value in the sum of $3,335, and, following the constant and uniform jurisprudence of this court, we can not review the finding of the trial court as to such services unless passion, prejudice or manifest error is shown, and nothing of this sort appears from the record.

In discussing the last two assignments the appellant, on the other hand, insists that the plaintiff's services were useless and ineffective, charging him with a certain degree of negligence in rendering them. The fact is, as the appellee says, that neither from the answer nor from the evidence does it appear that the plaintiff's services were ineffective or that he was negligent in rendering them. It is striking that the appellant's attorney, who was a partner of the plaintiff when the services were rendered, admits that the plaintiff is more competent than he in matters of substantive law, albeit he denies that the plaintiff is as competent as he in matters of procedure. This argument of the appellant shows the important part taken by the plaintiff in all matters in which he participated as attorney for the defendant, inasmuch as the part involving the substantive civil law was done by the plaintiff in all of the cases referred to in this action.

Inasmuch as the negligence that the appellant attributes to the plaintiff is pleaded for the first time on appeal, that question can not be considered.

For the foregoing reasons the judgment of the court below is

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.